IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICE WILLIS-ROWE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:24-CV-444-KFP ) [WO] |
| ALLSTATE INSURANCE COMPANY; BEN PUGH INSURANCE AGENCY, INC., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Alice Willis-Rowe's Motion to Remand. Doc. 12. Defendant AllState Insurance Company removed this case to federal court on the basis of diversity jurisdiction, asserting that Defendant Ben Pugh Insurance Agency, Inc. was fraudulently joined and the amount in controversy is met. Doc. 1. Willis-Rowe seeks to remand the case back to state circuit court, arguing that complete diversity does not exist because Pugh Insurance is properly joined and the amount in controversy is not met. AllState opposes the Motion to Remand. Doc. 17.[1]

For the reasons below, the Motion to Remand is due to be GRANTED.

**I.    LEGAL STANDARD**

Federal courts have limited jurisdiction and possess only the power authorized by a statute or the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside this limited jurisdiction, and

---

[1] Pugh Insurance was served prior to removal to this Court but did not respond to the remand motion.

the burden of establishing the contrary is on the party asserting jurisdiction. *Id.* Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of his claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, a defendant's right to remove and a plaintiff's right to choose his forum are "not on equal footing." *Id.* Accordingly, a defendant's removal burden is a heavy one. *Id.*

## II.   BACKGROUND[2]

Willis-Rowe purchased an AllState home insurance policy through Pugh Insurance. Doc. 1-2 at 6, ¶ 13. At the time of her purchase, AllState and Pugh Insurance allegedly represented that the insurance would provide coverage for damages incurred to her home. *Id.* ¶ 14. Willis-Rowe renewed this policy for years, always paying the required premium. *Id.* ¶ 15. On or about March 22, 2024, a fire damaged Willis-Rowe's home. *Id.* ¶ 16. While Willis-Rowe attempted to preserve her home after the incident, she claims that she cannot perform necessary repairs without proper payment from her insurance. *Id.* ¶ 17. Willis-Rowe "immediately and timely contacted the Defendants, including Pugh [Insurance], about the damage to make a claim under the insurance policy [she] purchased." *Id.* ¶ 18. At this time, "Pugh [Insurance] represented to [Willis-Rowe] that her claim would be handled in full." *Id.* at 7, ¶ 18. Pugh Insurance then allegedly coordinated the AllState adjusters working with Willis-Rowe. *Id.* ¶ 18. After an assessment of the damage, AllState allegedly "directly and constructively denied [Willis-Rowe's] claims by refusing to extend appropriate policy benefits based on [her] [] property damage." *Id.* ¶ 21.

---

[2] The Court recites only the facts pertinent to resolving Willis-Rowe's Motion to Remand.

On June 25, 2024, Willis-Rowe filed this civil action in the Circuit Court of Montgomery County. *Id.* at 2. Although not clearly stated as such, it appears that Count I alleges misrepresentation; Count II alleges fraud; Count III alleges negligent and/or wanton supervision; Count IV alleges breach of contract; and Count V alleges bad faith. AllState timely removed the case to this Court on July 26, 2024. Doc. 1; *see also* Doc. 1-2 at 24. Within 30 days of the Notice of Removal, Willis-Rowe filed her Motion to Remand. Doc. 12.

### III. DISCUSSION

In its Notice of Removal, AllState argued that Pugh Insurance "had absolutely no role or responsibility whatsoever concerning the issues and allegations raised in the Complaint," and cited the affidavit of Joel Bennet Pugh, the owner and operator of Ben Pugh Insurance Agency, Inc. Doc. 1 at 11, ¶ 36. In his affidavit, Joel Pugh stated that "neither [himself] nor the agency made any representations to Ms. Willis-Rowe as to the sufficiency of the amount of coverage she was purchasing in the case of a loss such as the one at issue." Doc. 1-5 at 4, ¶ 8. AllState characterized Willis-Rowe's fraud allegations against Pugh Insurance as including "general claims of representation that the subject policy would provide coverage for damages incurred (Compl., ¶ 14); and a failure to disclose the coverages sold to her would not totally cover the type of damage to Plaintiff's property. (Compl., ¶ 26)." Doc. 1 at 11, ¶ 37. AllState claims there is no dispute that a policy was purchased and that it provided some coverage, but that Plaintiff takes issue with "the amount determined and paid by AllState, for which [Pugh Insurance] had no role or involvement." *Id.* at 12, ¶ 39.

3

In her Motion to Remand, Willis-Rowe claims that her allegations against Pugh Insurance were covered in paragraphs 13, 14, and 18 of her Complaint, and that AllState had not "come forth and present[ed] proper evidence" showing that Pugh Insurance had "nothing to do with the representations of the coverage to Plaintiff and nothing at all to do with her valid claim for coverage benefits." Doc. 13 at 4–6. Importantly, in paragraph 18 of her Complaint and restated in her Motion to Remand, Willis-Rowe alleges that after the fire she contacted Pugh Insurance "about the damage to make a claim under the insurance policy [she] purchased from the Defendants, [and] Pugh [Insurance] represented to [her] that her claim would be handled in full." Doc. 1-2 at 6–7, ¶ 18; Doc. 13 at 5.

AllState argues in response that Pugh Insurance is fraudulently joined because, under the present set of facts, "Plaintiff's claims against the non-diverse defendant, [Pugh Insurance], [are] an impossibility." Doc. 17 at 9. Specifically, Willis-Rowe cannot establish her reasonable reliance on Pugh Insurance's alleged misrepresentation as a matter of law because she had a duty to "read her policy and investigate the coverages provided." Doc. 17 at 12.

"To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (alteration in original) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). "This burden is a

4

'heavy one.'" *Id.* (quoting *Crowe*, 113 F.3d at 1538). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

In making its determination as to whether the case should be remanded, a district court "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538. Moreover, while a district court can proceed in a fashion "similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure] 56(b)," it must "not [] weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* The Eleventh Circuit has stressed that "the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits." *Id.* (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. 1981)).

Based on the record before the Court, AllState did not provide clear and convincing evidence rebutting Willis-Rowe's misrepresentation and fraud claims. Specifically, AllState did not controvert Pugh Insurance's alleged representation that Willis-Rowe's insurance claim would be handled in full after the fire.[3] AllState asserted that Pugh Insurance "had absolutely no role or responsibility whatsoever concerning the

---

[3] It is unclear from the complaint if this fact was meant to support Count I, misrepresentation, Count II, fraud, or both. Because it appears it could support both counts, the Court assumes the fact supports both counts for purposes of the Motion to Remand.

issues and allegations raised in the Complaint." Doc. 1 at 11, ¶ 36. But AllState focused its arguments on whether the policy provided coverage for the damage; it did not directly address the allegation of misrepresentation by Pugh Insurance that her claim would be handled in full after the fire. As previously stated, a defendant must provide clear and convincing evidence to prove fraudulent joinder. *See Stillwell*, 663 F.3d at 1332. AllState's statement alleging "no role or responsibility" does not amount to clear and convincing evidence. Although AllState provided an affidavit from Joel Pugh, that also did not directly controvert Willis-Rowe's claims of fraud and misrepresentation based on Pugh Insurance's alleged representation that her insurance claim would be handled in full after the fire. Rather, Joel Pugh's affidavit discussed representations that may have occurred when Willis-Rowe was buying her policy. Thus, Joel Pugh's affidavit does not rebut Willis-Rowe's specific claims of fraud and misrepresentation after the fire damaged her home. *Cf. Epstein v. Gilead Sciences, Inc.*, 441 F. Supp. 3d 1277, 1283 (S.D. Fla. 2020) (finding defendants provided clear and convincing evidence of fraudulent joinder by submitting uncontroverted affidavits showing that plaintiff could not establish her claim).

Further, AllState cannot show that there is no possibility that Willis-Rowe can establish her fraud and misrepresentation claims against Pugh Insurance under Alabama law. Under the pleaded facts here, the alleged representation concerns a future event: Pugh Insurance represented that her insurance claim would be handled in full. To succeed on a claim of future misrepresentation (i.e., promissory fraud), Willis-Rowe will have to "prove that, at the time the representation was made, the defendant had an intention not to

perform the act promised and had an intention to deceive the plaintiff," which is "ordinarily a question of fact for the jury." *See Nat'l Sec. Ins. Co. v. Donaldson*, 664 So. 2d 871, 876 (Ala. 1995). Similarly, the fraud claim also has an element that is best left to a later stage of litigation. "The elements of fraud are: (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) *that was reasonably relied on by the plaintiff under the circumstances*, and (4) that caused damage as a proximate consequence." *Allstate Ins. Co. v. Eskridge*, 823 So. 2d 1254, 1258 (Ala. 2001) (emphasis added) (quoting *Brushwitz v. Ezell*, 757 So. 2d 423, 429 (Ala. 2000)). The question of whether Willis-Rowe reasonably relied on Pugh Insurance's representation on the facts presented here is "a question of fact for the jury." *See Pensinger v. State Farm Fire & Cas. Co.*, 347 F. Supp. 2d 1101, 1106 (M.D. Ala. 2003) (citing *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 421 (Ala. 1997)); s*ee also Waldrup v. Allstate Ins. Co.*, 2011 WL 2039584, at *10 (S.D. Ala. May 9, 2011), *report and recommendation adopted*, 2011 WL 2039108 (S.D. Ala. May 25, 2011) ("What [defendants] are asking this [c]ourt to do is to turn the fraudulent joinder standard on its head and rule in their favor on 'reasonable reliance' at a stage earlier than any Alabama court has deemed appropriate, all the while ignoring that no discovery in this action has been conducted.").

Because Pugh Insurance's alleged representation of a future action is ordinarily left to a later stage of litigation, the Court finds that, for purposes of a remand motion, Willis-Rowe has stated a claim that is arguable under state law. Consequently, AllState has failed to meet its heavy burden of proving fraudulent joinder because it did not

7

provide clear and convincing evidence that there is no possibility Willis-Rowe can prove her fraud and misrepresentation claims against Pugh Insurance.

To the extent AllState argued in their Notice of Removal that the pleadings against Pugh Insurance were insufficient to satisfy Federal Rule of Civil Procedure 9, that argument is unavailing under Eleventh Circuit caselaw. In *Henderson v. Washington Nat. Ins. Co.*, the Eleventh Circuit stated that "[o]ur task is not to gauge the sufficiency of the pleadings in this case. Our inquiry is more basic: we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find [the] complaint sufficient." 454 F.3d 1278, 1284 (11th Cir. 2006); *see also Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844, 846–47 (11th Cir. 2013). Recently, the Middle District of Alabama determined that, "[c]onsidering the Eleventh Circuit's guidance in *Henderson*," it would "not decide the issue of fraudulent joinder on [defendant's] assertion that [plaintiffs'] fraud and conspiracy claims against [alleged fraudulently joined defendant] are insufficiently pleaded or fail to state a claim under Rule 9(b) or otherwise." *Watson v. HomeFirst Agency, Inc.*, 2023 WL 6926261, at *4 (M.D. Ala. Oct. 19, 2023). Accordingly, this Court also will not decide the fraudulent joinder issue on whether Willis-Rowe's claims are insufficient to state a claim under Rule 9.

Because the Court has determined that Pugh Insurance was not fraudulently joined, and therefore complete diversity of citizenship does not exist, it will not address the amount in controversy issue.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Pugh Insurance was not fraudulently joined and therefore this Court does not have jurisdiction to hear the case. Accordingly, the undersigned ORDERS that Willis-Rowe's Motion to Remand (Doc. 12) is GRANTED. It is further ORDERED that all pending motions are DENIED as moot.

DONE this 15th day of October, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE